CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/18/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>RISHI WAYNE ROBERTSON.,<br>*Defendant.* | CASE NO. 6:13-cr-00018<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Rishi Robertson pled guilty pursuant to a plea agreement to distributing a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a) & 841(b)(1)(C), Dkt. 24, and was sentenced in January 2014 as a career offender to 151 months' imprisonment. Dkt. 34. *See U.S. Sentencing Guidelines Manual* ("U.S.S.G.") § 4B1.1. His sentence was subsequently reduced to 102 months following a motion for substantial assistance. Dkt. 38. Currently before the Court is Robertson's *pro se* 18 U.S.C. § 3582(c)(2) motion to reduce his sentence in light of Amendment 782 to the Sentencing Guidelines, Dkt. 41. Robertson's motion will be denied because he does not benefit from the Amendment.

Generally, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, there are a few narrow exceptions to this rule—one of which being that a sentencing court possesses authority to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id*. § 3582(c)(2). In such a case, the court may reduce the defendant's sentence if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The relevant "applicable policy statements" are those codified in § 1B1.10 of the Guidelines. *Dillon v. United States*, 560 U.S. 817, 826 (2010). There the Guidelines provide that a sentence reduction is authorized by 18 U.S.C. § 3582(c)(2) only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

Amendment 782 reduced the base offense levels applicable to drug offenses under § 2D1.1 of the Guidelines by two levels. But Robertson's Guideline range was not determined by the drug weight table in § 2D1.1. It resulted entirely from Robertson's status as a career offender.

The Court's Statement of Reasons for Robertson's sentence reflects that the Presentence Investigation Report ("PSR") was adopted without change. Dkt. 35 p. 1. The PSR, in turn, shows that Robertson's guideline range of 151 to 188 months resulted from a total base offense level of 29 and a criminal history category of VI. Dkt. 47 ¶ 50. Both the base offense level and criminal history category wholly derived from Robertson's status as a career offender and not the § 2D1.1 drug table. *See id*. ¶¶ 15, 28.

Thus, Amendment 782 does not lower Robertson's Guideline range. Nor does the fact that Robertson benefited from a substantial assistance motion alter the analysis. *See United States v. Jones*, No. 7:11-cr-00039, 2016 WL 2755926 (W.D. Va. May 11, 2016) (Conrad, J.), aff'd, No. 16-6667 (4th Cir. July 20, 2017). Robertson's motion will be denied.

\* \* \* \*

– 3 –

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this __18th__ day of April 2022.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE